STANLEY C. OLMSTEAD and Another v. OLIVER J. FIRTH and Another.[1]

January 21, 1895.

No. 9077.

**Attorney and Client—Authority to Appear.**
> Where an order to show cause why a judgment already entered in plaintiffs' favor should not be set aside and vacated is procured upon affidavits of an attorney who had already appeared and answered for defendants in the action, of one of the defendants, and of another attorney who states that he is one of defendants' attorneys, and where, upon the hearing, the last-named attorney produces written authority to appear for defendants, although such authority is executed five days after the order is procured, it is error for the court to dismiss the proceedings solely upon the ground that no authorized attorney has appeared in defendants' behalf.

Appeal by defendants from an order of the municipal court of St. Paul, Twohy, J., denying an application to set aside a judgment. Reversed.

*Lloyd Peabody* and *W. F. Carroll*, for appellants.

*S. C. Olmstead*, for respondents.

COLLINS, J. The order appealed from must be reversed. The order to show cause why the judgment against defendants should not be set aside because irregularly and improperly entered was based upon the affidavits of William F. Carroll, an attorney, who,

[1] Reported in 61 N. W. 1017.

while practicing law in St. Paul, had appeared and answered for defendants in this action, and then removed to Chicago, of Firth, one of the defendants, and of Lloyd Peabody, an attorney practicing in St. Paul, who personally presented the affidavits, and obtained the order to show cause, or short motion. In his affidavit, Mr. Peabody stated that he was one of defendants' attorneys in the action, and made the affidavit for the purpose of vacating and setting aside the judgment. Copies of these affidavits were served with the order or motion upon plaintiffs' attorneys, so that there should have been no doubt in their minds that Mr. Peabody was appearing with Mr. Carroll, and not as an attorney substituted for him. Again, upon the hearing below, Mr. Peabody produced written authority to appear in defendants' behalf. The point is made that this authority was not executed until five days after the order was procured by Peabody, but this is altogether too technical. In effect, it related back and recognized all that he had done in the proceedings.

The order appealed from was placed solely on the ground that no authorized attorney had appeared for defendants in the motion to vacate and set aside the judgment. The objection as to Peabody's authority should have been promptly disregarded. Of course, we do not intimate that the relief asked for should have been granted, but simply that the merits of the application should have been considered.

Order reversed.